```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

C.T.,

        Plaintiff,

v.                                 Case No:  2:21-cv-494-JES-MRM

RED ROOF INNS, INC.,
WYNDHAM HOTELS AND RESORTS
INC, BEST WESTERN
INTERNATIONAL, INC., LA
QUINTA HOLDINGS INC., LA
QUINTA FRANCHISING LLC, LA
QUINTA MANAGEMENT LLC,
AMERICAN HOTEL AND LODGING
ASSOCIATION, and OHIO HOTEL
AND LODGING ASSOCIATION,

        Defendants.
```

## OPINION AND ORDER

This case comes before the Court on Plaintiff C.T.'s motion for retransfer (Doc. #149) filed on August 5, 2021. Defendants responded in opposition (Docs. ## 150-153) on August 18, 2021.[1] For the reasons set forth, the motion for retransfer is **GRANTED** and this case will be transferred to the United States District Court for the Southern District of Ohio.

---

[1] Defendant Ohio Hotel and Lodging Association (OHLA) did not file any response to C.T.'s motion and will be treated as not opposing the motion. L.R. 3.01(c). All other defendants oppose retransfer.

I.

Originally filed in the United States District Court for the Southern District of Ohio (the "Ohio Court"), this case arises from the alleged sex trafficking of Plaintiff C.T. from approximately 2008 to 2010. (Doc. #134.) The Ohio Court has previously summarized the facts of C.T.'s complaint:

> Plaintiff C.T. alleges she was trafficked for sex from approximately 2008 to 2010 at Days Inn, Travelodge, Best Western, La Quinta, and Red Roof Inn properties in the Fort Myers, Florida area. (ECF No. 65 ¶ 143). At age 19, C.T. was sold for commercial sex transactions and experienced brutal physical and sexual assaults, psychological torment, verbal abuse, and restricted freedom of her movement for two years. (Id. ¶ 5, 142, 144). Her traffickers used Craigslist to locate buyers and she was forced into sex with up to twelve men in a night in hotel rooms purchased by her traffickers. (Id. ¶¶ 145-47).
>
> According to C.T. the hotel staff at the hotels where she was trafficked should have observed indicators that she was being trafficked. Sometimes she bore the signs of physical abuse. (Id. ¶¶ 148, 151). While on the premises, her traffickers constantly monitored her and prevented her from leaving. (Id. ¶ 149). She would not make eye contact with hotel staff. (Id. ¶ 153). The foot traffic to her room was voluminous, with non-paying guests entering the hotel, going to her room, and then leaving shortly thereafter. (Id. ¶ 149). Housekeeping staff encountered indicators of commercial sex activity, including unwarranted amounts of lubricants and condoms, cash payments, and excessive requests for more towels and linens. (Id. ¶ 153). She alleges that hotel staff ignored her pleas and screams for help. (Id. ¶ 150). At the time of her rescue, she weighed less

> than 100 pounds. (Id. ¶ 151). All the while, the hotels accepted payments for the rooms.

(Doc. #134, pp. 8-9.)

In response to the operative complaint, multiple defendants filed motions to dismiss and alternative motions to transfer venue. (Docs. ## 73, 79, 80, 103; see also Doc. #134, pp. 9-10.) After considering these motions, finding that it could not exercise personal jurisdiction over all defendants, and determining that transfer of the entire case was more appropriate than dismissing certain defendants, the Ohio Court granted the motions to transfer venue. (Doc. #127.) See also C.T. v. Red Roof Inns, Inc., No. 2:19-cv-5384, 2021 WL 602578 (S.D. Ohio Feb. 16, 2021).

Before the case was transferred, C.T. filed a notice, stating her intent to seek reconsideration of the transfer order. (Doc. #128.) The Ohio Court held the transfer in abeyance while C.T. filed a motion for clarification, reconsideration, and/or to amend her complaint. (Doc. #129.) After considering additional briefing and holding a hearing on the motion (Doc. #132), the Ohio Court denied C.T.'s motion. (Doc. #134.) See also C.T. v. Red Roof Inns, Inc., No. 2:19-cv-5384, 2021 WL 2942483 (S.D. Ohio July 1, 2021). On July 2, 2021, the case was transferred to this District. (Doc. #135.)

After transfer, C.T. filed a notice with this Court, indicating that she had filed an appeal with the Sixth Circuit

concerning the Ohio Court's July 1, 2021 Order. (Doc. #142.) On July 14, 2021, the Middle District of Florida action was stayed pending further order and notification that the appeal in the Sixth Circuit was resolved. (Doc. #143.) On August 3, 2021, C.T. filed a motion for voluntary dismissal of that appeal, which motion was granted by the Sixth Circuit. See C.T. v. Red Roof Inns, Inc. et al., No. 2:19-cv-5384, 2021 WL 2942483 (S.D. Ohio July 1, 2021), appeal dismissed, No. 21-3635 (6th Cir. 2021 Aug. 4, 2021).

C.T.'s counsel did not inform this Court that the Sixth Circuit appeal was dismissed. Instead, C.T. filed both: (1) a notice of petition for interlocutory appeal in the Ohio Court, which notice remains pending; and (2) a motion for retransfer in this Court, which motion is now ripe for review. The Court will grant C.T.'s request for retransfer to allow the Ohio Court to consider C.T.'s petition for interlocutory appeal.

## II.

"Courts should only retransfer a case under the most impelling and unusual circumstances." Anstalt v. Bacardi & Co., Ltd., No. 1:17-CV-21505-UU, 2017 WL 5634954, at *3 (S.D. Fla. June 26, 2017) (quotation omitted). C.T. requests retransfer to allow the Ohio Court to consider her petition for interlocutory appeal. (Doc. #149.) After a retransfer, the Ohio Court will have jurisdiction to consider that petition. Given the circumstances and procedural history of the case and the nature of the issues involved, the

4

Court finds that C.T. has established sufficient grounds for retransfer.

Accordingly, it is now

**ORDERED**:

Plaintiff's motion for retransfer (Doc. #149) is **GRANTED**. The Clerk's Office **SHALL TRANSFER** this case to the United States District Court for the Southern District of Ohio. Upon transfer, the Clerk **SHALL ADMINISTRATIVELY** close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of September, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record